30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ray JAMES, Defendant/Appellant.
 No. 93-3240.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1994.
Decided June 28, 1994.
 
 Before ESCHBACH, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Ray James appeals the district court's admission of evidence under Federal Rule of Evidence 404(b) of his prior gun possession and argues that there was insufficient evidence presented to the court to prove his guilt beyond a reasonable doubt.
 
 
 2
 Ray James was arrested after attempting to purchase one kilogram of cocaine from undercover police officers. After nine months of discussion between James and Illinois State Police Sergeant Frank Guerra, they met on February 3, 1993. Sergeant Guerra waited in the parking lot and James approached him on foot. After discussing the transaction's details, James returned to his vehicle parked across the street, a blue Nissan Sentra, and moved his car next to Guerra's auto. James showed Guerra the cash and walked over to Guerra's car, leaving the buy money in the Sentra. Guerra gave the signal and James was arrested.
 
 
 3
 After James' arrest, DEA agent Kevin Lane searched the Nissan. He found a plastic bag containing $21,000 cash between the bucket seats of the car and a loaded .380 caliber handgun under the driver's seat. The Nissan belonged to James' girlfriend, Sharon Pascal, who testified that James had permission to use her car and that she did not own the gun found in her car. Also admitted at trial was evidence that James was arrested 18 days before this incident. At that time he possessed a .44 magnum revolver that was visible from under the driver's seat of the same Nissan. Both the .380 and the .44 guns were purchased from gun dealers in Gary, Indiana.
 
 
 4
 James pled guilty to attempting to possess with intent to distribute kilogram quantities of cocaine in violation of 21 U.S.C. Sec. 841(a). James was found guilty after a bench trial of using and carrying a firearm during and in relation to a drug trafficking crime, the attempt to possess with intent to distribute cocaine, in violation of 18 U.S.C. Sec. 924(c).
 
 404(b) Evidence
 
 5
 James objects to the admission of evidence at trial that he was arrested on January 14, 1993, 18 days before his meeting with Guerra, and at that time he possessed a handgun under the seat of the same Sentra automobile. The government argues that it offered the evidence of James' possession of the .44 magnum to prove his knowledge and control of a firearm under the seat of the Sentra rather than to prove his bad character.
 
 
 6
 This court has established a four-part test governing the admission of evidence under Rule 404(b):
 
 
 7
 (1) the evidence is directed toward establishing a matter in issue other than the defendants' propensity to commit the crime charged: (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the defendants committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.
 
 
 8
 See, e.g., United States v. Levy, 955 F.2d 1098, 1102 (7th Cir.), cert. denied, 113 S.Ct. 102 (1992); United States v. Sullivan, 911 F.2d 2, 6 (7th Cir.1990). Applying the test to this case, the district court did not abuse its discretion by admitting the evidence of James' prior arrest and possession of a firearm. United States v. Penson, 896 F.2d 1087, 1092 (7th Cir.1990).
 
 
 9
 First, as James acknowledges, the government had to prove that the firearm was within his possession or control and that he intended to use or carry the gun in relation to the drug transaction. 18 U.S.C. Sec. 924(c). The first prong is satisfied. Possession of a handgun under the seat of the Sentra twice within 18 days satisfies the second prong that the two acts are similar and close in time. The third prong also is met because there is sufficient evidence to support a finding that James committed the similar act. In the earlier incident, officers followed James as he sped off after loud gunshots were heard. After stopping him, the officers approached the blue Nissan Sentra, license plate HVV 988, and saw a gun on the floor of the driver's side. James' assertion that the gun in the first instance had no relation to a drug transaction does not nullify the similarity to the subsequent offense. Possession of a handgun under the seat of the blue Sentra bears enough similarity to the charged offense of carrying of a weapon, found in the blue Sentra, during a drug transaction.
 
 
 10
 Finally, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. A reviewing court should "accord a trial judge's assessment of the relative probative value and unfair prejudice great deference." United States v. Koen, 982 F.2d 1101, 1116 (7th Cir.1992). James claims that introducing this evidence at his trial for a drug transaction was prejudicial because the prior incident was unrelated to a drug transaction and he carried the gun to protect himself from a gang. As the trier of fact, the court was aware of the limited purpose of the evidence: to determine James' knowledge and control of the weapon. Therefore it is unlikely that James could be unduly prejudiced by its admission. The fact that James at two separate times within 18 days kept a handgun underneath the seat of the Sentra further supports a finding that he had knowledge and control of the gun at issue on this charge and was properly admitted under 404(b). See United States v. Wilson, 938 F.2d 785, 791 (7th Cir.1991) ("In addition, we have previously noted that the nature of the illegal drug business encourages the possession of weapons by its participants."), cert. denied, 112 S.Ct. 946 (1992).
 
 Sufficiency of the Evidence
 
 11
 James challenges the sufficiency of the evidence linking the .380 caliber gun found in the Sentra and his involvement in the drug transaction to which he pled guilty. United States v. Ellis, No. 93-1729 slip op. at 5 (7th Cir. May 12, 1994) (citing United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir.1993), cert. denied, 114 S.Ct. 1328 (1994)) (defendant bears a heavy burden); Jackson v. Virginia, 443 U.S. 307, 319 (1979) (determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Under 18 U.S.C. Sec. 924(c), the government must prove beyond a reasonable doubt that the defendant used or carried the firearm and that this use or carrying of the firearm was during and in relation to a crime of violence or a drug trafficking offense. United States v. Windom, 19 F.3d 1190 (7th Cir.1994). A defendant need not brandish or discharge the gun in order to use it within the meaning of Sec. 924(c). Id. A defendant uses a firearm when he possesses the firearm in any manner that facilitates the execution of a felony. United States v. Wilson, 938 F.2d 785, 791 (7th Cir.1991), cert. denied, 112 S.Ct. 946 (1992); United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989). This court has held that "a defendant intended to use the firearm in facilitation of a drug related crime if it [is] strategically located so as to be quickly and easily available for use during a drug transaction." Wilson, 938 F.2d at 791. In Wilson, this court found that a gun locked in a trunk was strategically located on top of a bag of cocaine and was loaded and readily accessible for use. See also United States v. Johnson, Nos. 92-3374 et al., slip op. at 30 (7th Cir. May 31, 1994) (finding that there was sufficient evidence for Sec. 924(c) when the defendant possessed cocaine, packaging materials and a loaded handgun in a safe).
 
 
 12
 As in Wilson, there is sufficient evidence in this case to support the court's finding that James used a firearm during and in relation to drug trafficking. The loaded handgun was strategically placed under the driver's seat and therefore was readily accessible. The $21,000 buy money was placed near the gun. James drove the car next to Guerra's car and then showed Guerra the buy money at his car. James' proximity to the gun in both instances permitted him the opportunity to use the weapon if necessary. Therefore, the court did not err in finding the essential elements of the crime beyond a reasonable doubt.
 
 
 13
 AFFIRMED.